FILED

# *United States District Court*

OCT 2 6 2006

_____MIDDLE_____    DISTRICT OF _____ALABAMA_____

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

KEVIN DEVON WILLIAMS

CRIMINAL COMPLAINT

CASE NUMBER: 3:06mj'108-VPM

I, the undersigned complainant being duly sworn state the following is true and correct to the best of

my knowledge and belief.  On or about __October 25, 2006_, in __Macon__ county and elsewhere within

the _____Middle_____ District of _____Alabama_____ defendant(s) , (Track Statutory Language of Offense)

knowingly and intentionally to possess with intent to distribute cocaine,
a Schedule II Controlled Substance,

in violation of Title ___21___ United States Code, Section(s) _841(a)(1)_ .  I further state that I am

a(n) __ABI Special Agent__ and  that this complaint is based on the following facts:
     Official Title

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__October 26, 2006____ @ 2:46 pm at __Montgomery, Alabama_____
Date                                      City and State

_Vanzetta Penn McPherson, U. S. Magistrate Judge_    _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT

Affiant, Joe Herman, being duly sworn deposes and says:

1. He is an Alabama State Trooper, assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located at the Investigative Operations Center in Montgomery, Alabama. Agent Herman is cross-designated and federally deputized by the United States Drug Enforcement Administration (DEA) which empowers him with authority under Title 21, United States Code. He has twenty-two years of law enforcement experience in which the past twelve have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on Agent Herman's personal knowledge and the knowledge of other law enforcement officers.

2. On Wednesday, October 25, 2006, Alabama State Trooper Ed Ryan was working traffic enforcement overtime in Macon County, Alabama. At approximately 2:30pm, Trooper Ryan was parked along the south bound side of Interstate 85 near the 38 mile marker when he observed a vehicle traveling south with its bright headlights on. As the vehicle passed, Trooper Ryan noticed that the driver was not wearing his seatbelt. Trooper Ryan pursued the vehicle and affected a traffic stop of the vehicle near the 33 mile marker of the south bound lane of Interstate 85.

3. Trooper Ryan contacted the driver of the vehicle, identified as Kevin Williams, and noticed a hand rolled cigar with what appeared to be a marijuana plant stem protruding from one of its end lying on the front passenger seat. Trooper Ryan

asked Williams for the cigar which Williams gave to Trooper Ryan. Trooper Ryan asked Williams if he had any more cigars and Williams gave Trooper Ryan a second hand rolled cigar. Trooper Ryan obtained Williams's driver's license, vehicle insurance and had Williams return with Trooper Ryan to Ryan's patrol car.

4. While sitting in the patrol car, Trooper Ryan smelled one of the cigars and detected the odor of marijuana from the cigar. Trooper Ryan also transmitted Williams's personal information to the Opelika state trooper post and requested the state trooper post conduct a criminal history on Williams. That check revealed Williams had been previously arrested for Possession of Marijuana 1st degree and was presently on probation. Trooper Ryan subsequently told Williams that he was going to take a quick look in Williams's vehicle, at which time; Williams jumped out of the patrol car and ran.

5. After jumping out of the patrol car, Williams ran to the trunk of his car placing his hand in his pocket while doing so. Williams produced a set of keys, opened the trunk of his car, withdrew a black knap sack, and began running along the interstate. Trooper Ryan pursued Williams, caught him and a struggle ensued. Williams continued to resist Trooper Ryan's commands to stop resisting, causing Trooper Ryan to spray Williams with a chemical agent. Additionally, three passer-bys stopped along side the road and two of them helped Trooper Ryan with subduing Williams. At that Point Trooper Mills arrived to assist.

6. Williams was taken into custody and the black bag was seized, after which Williams was decontaminated of the chemical agent with water. An inspection of the black bag revealed one large plastic zip-lock baggie containing approximately

two pounds of crack cocaine and approximately six smaller tied plastic baggies of crack cocaine. Additionally, one plastic retail shopping bag containing more plastic baggies of crack cocaine was also found in the same compartment of the knap sack. A further inspection of the knap sack revealed two plastic baggies of powder cocaine in that same compartment and bundles of currency that was banded together with rubber bands. Moreover, two digital scales were also found. One scale was located in the same compartment with the cocaine and one was in a side pouch of the knap sack. Your affiant was notified and responded to the scene of the traffic stop with ABI Agent Angel Rodriguez.

7.     Upon arrival at the scene, your affiant assessed the situation after which Williams was transported to the Montgomery HIDTA office by Trooper Ryan with Agent Rodriguez driving Williams's car to the HIDTA office. At the HIDTA office your affiant advised Williams of his rights using a standard rights advisement form as witnessed by Agent Rodriguez and Trooper Ryan. Williams acknowledged understanding his rights and requested legal assistance. No interview was conducted and your affiant began processing the seized evidence. Furthermore, after arriving at the HIDTA office with Williams, Williams's car was inventoried. That inventory revealed a small black zippered pouch that was found to contain more cocaine and marijuana.

8.     While processing the seized narcotics, your affiant was approached by Agent Rodriguez who told your affiant that Williams now wanted to speak with agents. Your affiant instructed Agent Rodriguez to get another agent and interview Williams. Rodriguez and ABI Agent Robert Thornton did so.

9.    Agent Thornton, using a standard DEA rights advisement form re-advised Williams of his rights as witnessed by Rodriguez.    Williams acknowledged his rights, waived his right to an attorney, signed the rights advisement form, and agreed to be interviewed.    Williams subsequently in part, told Agents Thornton and Rodriguez the cocaine was his and that he was returning from Atlanta, Georgia where he purchased the cocaine.


Joe Herman, Agent
Alabama Bureau of Investigation


Sworn to and subscribed before me this 26th day of October 2006


Vanzetta Penn McPherson
United States Magistrate Judge